# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Sean T.,
**Respondent Below, Petitioner**

**FILED**

April 28, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 13-0900** (Clay County 08-D-144)

Florence T.,
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Sean T.,[1] appearing *pro se*, appeals the August 8, 2013, order of the Circuit Court of Clay County that, in pertinent part, refused his appeal from a June 3, 2013, order of the Family Court of Clay County that denied his petition to modify child visitation. Respondent Florence T., appearing *pro se*, did not file a response.[2]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties are divorced and have four children, ages 16, 14, 12, and 10. The family court's

---

[1] "We follow our past practice in juvenile and domestic relations cases which involve sensitive facts and do not utilize the last names of the parties." *State ex rel. West Virginia Dept. of Human Services* v. *Cheryl M,* 177 W.Va. 688, 689 n. 1, 356 S.E.2d 181, 182 n. 1 (1987).

[2] On February 7, 2014, this Court entered an amended scheduling order noting that respondent failed to file a response by the deadline of January 20, 2014. This Court directed respondent to file a response within twenty days of the date of the order. Respondent still failed to file a response. Pursuant to Rule 10(d) of the West Virginia Rules of Appellate Procedure, if a respondent fails to respond to an assignment of error, this Court will assume that the respondent agrees with petitioner's view of the issue. However, as set forth below, petitioner's brief and a review of the record have failed to convince the Court that reversal is appropriate. Accordingly, the Court declines to rule in petitioner's favor simply because respondent failed to file a response. *See, e.g.,* Syl. Pt. 8, *State* v. *Julius* 185 W.Va. 422, 408 S.E.2d I (1991) ("This Court is not obligated to accept the State's confession of error in a criminal case. We will do so when, after a proper analysis, we believe error occurred.").

1

May 19, 2009, final divorce order noted that petitioner was an incarcerated individual[3] and directed that he would have visitation "at the sole discretion of [respondent]." The family court provided that once petitioner was released from incarceration, he "may petition the court to establish a parenting plan." The family court set petitioner's child support obligation at $50 per month.

In April of 2013, petitioner petitioned the family court to (1) require respondent take the children to petitioner's correctional facility at least once every ninety days for visitation with him; and (2) order that petitioner may freely correspond with the children by letter. In making this second request, petitioner indicated that he had evidence that respondent was preventing the children from receiving his letters; however, petitioner has not included such evidence in the appendix record.[4] On June 3, 2013, the family court denied the petition to modify child visitation, finding that because petitioner was still incarcerated, he would be unable to establish a parenting plan. The family court further ruled that it "decline[d] to order visitation while [petitioner] is incarcerated" so long as respondent objected to such visitation. Petitioner appealed the family court's denial of his petition to the circuit court. On August 8, 2013, the circuit court refused petitioner's appeal from the family court's order that denied his petition to modify child visitation, finding that it was not its role to substitute its judgment for that of the family court.[5]

Petitioner appeals the circuit court's refusal of his appeal from the family court's denial of the petition to modify child visitation. We review a circuit court's orders that refused an appeal from a family court order under the following standard:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review

---

[3] According to the West Virginia Division of Corrections, petitioner was convicted of second degree sexual assault in Calhoun County Case No. 04-F-27.

[4] In his petition, petitioner stated that he was sending the evidence directly to the family court because he did not want it disclosed to respondent.

[5] In refusing petitioner's appeal from the denial of a modification in child visitation, the circuit court appointed *sua sponte* Attorney Jared Frame as guardian ad litem to represent petitioner in any future family court proceedings. The circuit court directed Attorney Frame to confer with petitioner and file any "appropriate" motion in the family court. Petitioner is not appealing the circuit court's decision to appoint Attorney Frame as his guardian ad litem. According to petitioner, Attorney Frame advised him to continue with his present appeal, *pro se*, and that if the appeal was unsuccessful, Attorney Frame would investigate the matter and do what was necessary. This is consistent with a response this Court received from Attorney Frame that reflected Attorney Frame's understanding that he was appointed to represent petitioner only before the family court, and not in this appeal.

questions of law *de novo.*

Syl., *Carr* v. *Hancock,* 216 W.Va. 474, 607 S.E.2d 803 (2004).

On appeal, petitioner asserts that this Court should grant petitioner's requested visitation including visits to his correctional facility at least once every ninety days. "Although parents have substantial rights that must be protected, the primary goal in cases involving . . . family law matters . . . must be the health and welfare of the children." Syl. Pt. 3, *In re Katie* s., 198 W.Va. 79, 479 S.E.2d 589 (1996); *see also Michael K. T.* v. *Tina L. T.,* 182 W.Va. 399, 405, 387 S.E.2d 866, 872 (1989) ("[T]he best interests of the child is the polar star by which decisions must be made which affect children."). The family court had ordered that petitioner could petition to modify visitation once he was released from incarceration. However, rather than following the family court's order, petitioner petitioned for visitation while still in prison. The family court "decline[d] to order visitation while [petitioner] is incarcerated" so long as respondent objected to such visitation. This Court notes that a prison environment is often dangerous and unpredictable.[6] Also, with regard to petitioner's request that he be allowed to freely correspond with the children, petitioner's alleged evidence that respondent was preventing the children from receiving his letters—and any reasons respondent might have for doing so—is not in the record. Therefore, this Court concludes that the family court did not abuse its discretion in denying the petition to modify child visitation.

For the foregoing reasons, we affirm the August 8, 2013, order of the Circuit Court of Clay County refusing petitioner's appeal from the June 3, 2013, order of the Family Court of Clay County.

Affirmed.

**Issued:** April 28, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[6] *See O'Lone* v. *Estate of Shabazz,* 482 U.S. 342, 349, 107 S.Ct. 2400, 2404-05, 96 L.Ed.2d 282, 290 (1987) (correctional officials, who face intractable problems of prison administration, need to be able to anticipate security concerns).